UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SVETLANA SHOLOPA and MILICA
MILOSEVIC, on behalf of themselves and all
others similarly situated,

                               Plaintiffs,

                          20-CV-3294 (ALC)

            - against -

                        ORDER DENYING MOTION
                        TO DISMISS

TURK HAVA YOLLARI A.O., INC, (d/b/a
Turkish Airlines, a foreign corporation), and
TURKISH AIRLINES, INC., a New York
Corporation,

                               Defendants.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs purchased tickets for flights on Turkish Airlines that were canceled due to the COVID-19 pandemic. Sholopa purchased her ticket through a third-party travel website; Milosevic purchased her tickets directly from Turkish Airlines. Both Plaintiffs allege that the airline's refusal to issue refunds constitutes a breach of the General Conditions of Carriage, a contract between the parties. Defendants move to dismiss on several grounds: a) Plaintiff Shloopa lacks standing, or her claim is moot because she received a refund *after* she brought the lawsuit; b) a forum selection clause on the airline's website mandates that Milosevic's claim be brought in the Istanbul/ Bakirkoy Courts; c) the Airline Deregulation Act preempts the claims; d) the complaint fails to state claim for breach of contract.

Since Sholopa had standing at the time her original complaint was filed, her standing endures. Sholopa could still receive an award for being a lead plaintiff; therefore, the defendants' post-lawsuit issuance of a refund has not mooted her claim. Milosevic's claim for breach of the conditions of carriage is not subject to the forum selection clause. The Airline Deregulation Act does not preempt breach of contract claims, and Plaintiffs have sufficiently pleaded a claim for breach of contract.

The motion is denied.

## PROCEDURAL HISTORY

Plaintiff Sholopa filed the original complaint on April 27, 2020; she filed an amended complaint on June 11, 2020. Plaintiff Milosevic, in 20-cv-3328, filed a complaint on April 28, 2020. On October 13, 2020, I granted a motion to consolidate these cases. The Consolidated, Second Amended Complaint was filed on October 23, 2020; Defendants moved to dismiss on November 13, 2020. Plaintiffs opposed the motion on December 18, 2020; Defendants filed a reply on January 8, 2021. On February 11, 17, and March 31, 2021, Plaintiffs filed notices of supplemental authority. Defendants filed responses on February 17, 25, and April 6, 2021.

## LEGAL STANDARDS

"To defeat a 12(b)(1) motion, a plaintiff must establish subject matter jurisdiction by a preponderance of the evidence." *Vullo v. Office of the Comptroller of the Currency*, 17 Civ. 3574,

2017 WL 6512245, at *5 (S.D.N.Y. Dec. 12, 2017) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a Rule 12(b)(1) motion, the court ""must take all uncontroverted facts in the complaint ... as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."" *Batalla Vidal v. Duke*, 295 F. Supp. 3d 127, 146 (E.D.N.Y. 2017) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns. Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); see also Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...."). To meet this standard, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts as true all factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. *ATSI Commc'ns,* 493 F.3d at 98.  However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S, at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 570.

ANALYSIS

1)      Plaintiff Sholopa Has Standing, And Her Claim Is Not Moot.

After the original complaint was filed, but before the filing of the consolidated complaint, Plaintiff Sholopa received a refund.  As a result, Defendants move to dismiss for lack of subject matter jurisdiction, claiming that Sholopa lacks standing or her claim is moot.

To establish standing, "[t]he plaintiff must have 1) suffered an injury in fact, 2) that is fairly traceable to the challenged conduct of the defendant, and 3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  If someone has been fully compensated for an injury, they may lack standing, or the claim may be moot; for courts in this circuit, the difference is a matter of timing.  "Standing and mootness are interrelated concepts, but are not to be confused.  Standing relates to whether a litigant has a stake at the commencement of an action, while mootness ensures the litigant's interest exists ""throughout the life of the lawsuit"" *Samele v. Zucker*, 324 F. Supp. 3d 313, 326 (August 2, 2018), *citing Comer v. Cisneros*, 37 F. 3d 775, 797-798 (2d Cir. 1994) (internal citations and quotation marks omitted).  If the party receives full compensation before bringing suit, that party lacks standing.  If the party receives full compensation after the suit is commenced, the claim is moot.

Sholopa received a refund after the lawsuit started, but before the consolidated complaint was filed. The defendants claim that the amended complaint renders the original complaint nugatory; therefore, the case began anew when the consolidated complaint was filed, depriving Sholopa of standing. This argument fails.

Although an amended complaint renders the original complaint void in many aspects, it does not supplant the original complaint as the document that initiated the lawsuit. See *Edelhertz v. City of Middletown*, No. 12-cv-1800 VB, 2013 WL 4038605, at *3 (S.D.N.Y. May 6, 2013) ("Because plaintiff had standing to challenge the law at the time his original complaint was filed, plaintiff has standing to assert the claims set forth in the amended complaint."). At the time the original complaint was filed, establishing the onset of the case, Sholopa had standing: she had 1) suffered an injury in fact, 2) that is fairly traceable to the challenged conduct of the defendant, and 3) that is likely to be redressed by a favorable judicial decision. Therefore, she still has standing.

The next question is whether her case is mooted by the payment of the expenses for her ticket. An unaccepted settlement offer does not moot a plaintiff's claim. *Geismann v, ZocDoc, Inc.*, 909 F. 3d. 534, at 541 (2d. Cir. 2018). However, if a defendant surrenders to "complete relief," fully satisfying plaintiff's claims, a district court may enter a default judgment against the defendant, over the plaintiff's objection. Only after the judgment is entered would the plaintiff's claims become moot. *Geismann v, ZocDoc, Inc.*, 909 F. 3d. 534, at 542 (2d. Cir. 2018).

Defendants have not claimed that a Rule 68 offer was made, accepted, or rejected, and no judgment has been entered against the defendants. In any event, Sholopa's claim is not mooted since the refund of her ticket price does not provide complete relief. If a class is certified and the plaintiffs win, Sholopa would be entitled to an additional award as a class representative. The prospect of an additional award keeps her claim from being moot. *See Tomassini v. FCA US LLC*, No. 14-CV-1226 MAD/ML, 2020 Dist. LEXIS 194764 footnote 3 (N.D.N.Y. July 28, 2020), *citing Geismann v, ZocDoc, Inc.*, 909 F. 3d. 534, at 543 (2d. Cir. 2018).

2) The Forum Selection Clause Regarding the Use of the Airline's Website Does Not Encompass Milosevic's Claim for a Breach of a Separate Contract—the Conditions Of Carriage.

Defendants also claim that Milosevic's breach of contract claim must be dismissed because the website has a forum selection clause, requiring this claim to be brought in the Istanbul/Bakirkoy courts. In order for a forum selection clause to be enforceable, "[t]he moving party must show 1) the clause was reasonably communicated to the party resisting enforcement; 2) the clause is mandatory and not permissive; and 3) the claims and parties in the suit are subject to the clause." *Lipson v. Birch,* 46 F. Supp. 3d 206, 214 (E.D.N.Y. 2014).

The forum selection clause states, "This *Agreement* and *Your* use of *Online Channels* or any *Material* contained in or accessed or downloaded from it and any dispute or claim arising out of or in connection with such, shall be governed, construed and interpreted in accordance with the laws of Turkey and *You* agree to submit to the exclusive jurisdiction of the Istanbul/ Bakirkoy Courts. *We* reserve the right to bring proceedings before the courts of the country *You* reside or

6

where *Your* use of the *Online Channels* has taken place." (ECF 39, Ex. 1) (emphasis in original.).

The forum selection clause was adequately communicated to the plaintiff. Milosevic checked the box indicating that she had read and accepted the terms and conditions on the website. The forum selection clause is not permissive; it requires any claim encompassed by it to be brought in the Istanbul/Bakirkoy courts. However, the claim for breach of the conditions of carriage is not subject to the forum selection clause.

Defendants posit that Plaintiff's claim for breach of the conditions of carriage touches upon her ticket, and since her ticket was purchased through the website, her claim is a dispute or claim arising out of or in connection with "Material" contained in or accessed or downloaded from the website. ECF 40, p.18. This argument fails.

First, although Plaintiff used the website to purchase her ticket, there is no evidence that the ticket constitutes "Material" that was contained in, accessed from, or downloaded from the website. It is possible that Plaintiff made a purchase, and the ticket was generated from the defendant's internal systems and sent to her via email. Second, the website's definition of "Material" makes it clear that Plaintiff's claims are not covered by the clause.

Under the Terms of Use, the website defines material as follows: "For the purposes of terms of use, ……""Material"" or ""Materials"" include software, programs, data, information and databases." The items delineated as material demonstrate that the forum selection clause is

intended to cover problems using the website—such as difficulty retrieving information, software glitches, or acquiring a computer virus after using the defendant's website.[1]  Although Milosevic used the website to buy the ticket, the ticket is evidence of a separate contract–the General Conditions of Carriage.  GCC 3.1.1.[2]  Plaintiff doesn't complain about not being able to use the website, nor does she complain that the website caused her computer any harm; instead, she sues for breach of the General Conditions of Carriage.

3) The Claim is Not Preempted by the Airline Deregulation Act.

Under the ADA, a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier.." 49 U.S.C. § 41713(b)(4)(A).  This preemption does not apply to actions under state law pursuing claims for

---

[1] Defendants also claim that since the Terms of Use state that "ANY PURCHASES OR OTHER TRANSACTION" are subject to the terms use, Plaintiff's purchase of her ticket through the website puts her claim in the purview of the forum selection clause.  ECF 44, p. 12.  This section is still modified by the definition section of the website.  As stated *supra*, the definition section of the terms of use belies Defendant's argument that the ticket constitutes material or that the forum selection clause goes further than issues encountered from the use of the website.  The "ANY PURCHASES" language would cover complaints about being unable to purchase the ticket or being charged the wrong price.

[2] Even if the forum selection clause were expansive enough to cover the claim here, it is doubtful that the clause could be enforced since it conflicts with a federal regulation.  "No carrier may impose any contract of carriage provision containing a choice-of-forum clause that attempts to preclude a passenger, or a person who purchases a ticket for air transportation on behalf of a passenger, from bringing a claim against a carrier in any court of competent jurisdiction, including a court within the jurisdiction of that passenger's residence in the United States (provided that the carrier does business within that jurisdiction)."  14 C.F.R. Section 253.10.

The regulation is designed to prevent airlines from imposing forum selection clauses like this one.  The Court should not brook Defendants' attempt to apply the forum selection clause on the website to cover claims under the conditions of carriage in contravention of the regulation.  *See Bugarin v. All Nippon Airways Co.*, No. 20-cv-03341 BLF, 2021 U.S. Dist. LEXIS 206502 *17 (N.D.C.A. October 26, 2021).

breach of contract.  "We do not read the ADA's preemption clause, however, to shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *American Airlines, Inc., v. Wolens*, 513 U.S. 219, 228 (1995).  The Second Circuit has held that breach of contract claims are not preempted under the ADA, even if they relate to prices, routes, or services.  *See Cox v. Spirit Airlines, Inc.*, 786 F. App'x 283, 285 (2d Cir. 2019).  The plaintiffs bring claims for breach of contract; those claims are not preempted by the ADA.

4)  Plaintiffs Have Sufficiently Pleaded A Breach OF Contract Claim.

"To sustain a claim for breach of contract, New York law requires the following three elements: (1)  the existence of a contract; (2) breach; and (3) damages resulting from, or caused by, that breach." *In re M/V MSC Flaminia*, 339 F. Supp. 3d 185, 242 (S.D.N.Y. 2018).  Defendants do not dispute the existence of a contract, but claim that since there are ways to comply with the contract other than providing a refund, the plaintiffs' case must be dismissed for failure to state a claim.  That cricket won't sing.

In a particular circumstance, a contract may provide a party options for compliance.  In the event of a canceled flight, Turkish Airlines can comply with the contract by providing a refund, or carrying the passenger on another of its scheduled flights, or rerouting the passenger to her destination by its own or another carrier's flights or by ground transportation. GCC Section 10.2.

Defendants do not breach the contract simply because the flight was canceled.  The contract is breached if the defendants do not provide one of the alternatives listed in the contract.  Defendants reliance on *Cordell v. McGraw-Hill*, No. 12-cv-637 ALC, 2012 U.S. Dist. LEXIS 152398 (S.D.N.Y. October 23, 2012) is misplaced.

In *Cordell*, the contract specified two different ways for the defendant to calculate royalties for foreign sales of publications.  For all foreign sales, the defendant chose one method to calculate royalties.  The plaintiffs claimed that the two methods were tethered to a corresponding variable: the defendant's relationship to the ultimate purchaser.  The plaintiffs claimed that one method was created to be used when a third party was the ultimate purchaser and the other method was to be used when the ultimate purchaser was not a third party. *Cordell* at *3.  This variable was not mentioned in the contract.  Analyzing the plain words of the contract, I determined that the defendant could choose either method to calculate royalties for any foreign sales. *Cordell* at *8.  Since the defendant actually calculated and paid royalties using one of the methods allowed under the contract, I dismissed the case for failure to state a claim.

Here, the plaintiffs do not claim—nor is there any evidence indicating—that Defendants employed any of the alternatives for canceled flights listed in the contract.  The fact that plaintiffs are pushing for their preferred alternative—a refund—does not entitle the defendants to a dismissal at the pleading stage.  Defendants cannot fail to provide *any* of the options required by the contract and earn dismissal because they *could have* provided an alternative other than the druthers of the plaintiff.  Fact discovery may reveal information requiring the case to be dismissed, but—at this stage—Plaintiffs have stated a claim.

CONCLUSION

Defendants' other arguments are without merit.  The motion is denied in its entirety.

**SO ORDERED.**

**Dated: March 31, 2022**
           **New York, New York**

                                                                  **/s/ Andrew L. Carter, Jr.**
                                                                  **ANDREW L. CARTER, JR.**
                                                                  **United States District Judge**